UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:            CONSENT PRELIMINARY ORDER
        - v. -            OF FORFEITURE/
:            MONEY JUDGMENT
SARA SAKHRANI,
:            S1 19 Cr. 394 (RA)
        Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 13, 2020, SARA SAKHRANI (the "Defendant"), was charged in a Superseding Information, S1 19 Cr. 394 (RA) (the "Information"), with receipt of stolen goods, in violation of Title 18, United States Code, Section 2315 and 2 (Count One); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Two); and false statements, in violation of Title 18, United States Code, Section 1001(a)(2) (Count Three);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

        WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property involved in the offense charged in Count Two of the Information;

WHEREAS, on or about October 13, 2020, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing proceeds traceable to the commission of the offense charged in Count One of the Information, and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money in United States currency representing the property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $6,865,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant agrees to make a payment to the Government in the amount of $133,000 towards the satisfaction of her forfeiture money judgment obligation within one year of the date of the Defendant's sentencing in this case (the "Payment"); and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property involved in the offense charged in Count Two of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Thane Rehn of counsel, and the Defendant, and her counsel, Julie Rendelman, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $6,865,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property involved in the offense charged in Count Two of the Information, shall be entered against the Defendant.

2. The Defendant shall make the Payment to the Government within one year of the date of Defendant's sentencing in this case (the "Time Period").

3. Upon receipt of the Payment within the Time Period, the Government shall accept the Payment in full satisfaction of the Money Judgment.

4. In the event that the Defendant is unable to make the Payment within the Time Period, the Defendant may submit a request to the Government for a reasonable extension of the Time Period. The Government may in its discretion approve a request to extend the Time Period upon a showing of good cause by the Defendant, which approval shall not be unreasonably denied.

5. The Government agrees not to take any action, pursuant to Title 18, United States Code, Section 853(p), seeking the forfeiture of substitute assets of the Defendant during the Time Period. If the Defendant fails to make the Payment, the Government may take action pursuant to Title 18, United States Code, Section 853(p).

6. Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, SARA SAKHRANI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

8.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

9.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

11. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

(REMAINDER OF PAGE INTINALLY LEFT BLANK)

12. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     6/12/2023
THANE REHN                                  DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2354

SARA SAKHRANI

By: _____     6/12/23
SARA SAKHRANI                               DATE

By: _____     6/12/23
JULIE RENDELMAN, ESQ.                       DATE
Attorney for Defendant
535 Fifth Avenue, Suite #2525
New York, New York 10017

SO ORDERED:

_____          6/12/23
HONORABLE RONNIE ABRAMS                    DATE
UNITED STATES DISTRICT JUDGE